**JORDAN–MILTON MACHINERY, INC.**

v.

**CITY OF BREWER, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 14, 1992.

Decided June 25, 1992.

James G. Good, Barbara K. Wheaton, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

Joel Dearborn, Ferris, Dearborn & Willey, Brewer, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

The City of Brewer and its tax assessor, Kathleen Martin, appeal from a Superior Court order (Penobscot County, *MacInnes, A.R.J.*), granting Jordan–Milton Machinery, Inc. summary judgment on its Rule 80B appeal of a supplemental personal property tax assessment that the City imposed on some of its construction machinery. On appeal, the City contends that the Superior Court erred in concluding that Jordan–Milton is a non-resident and that 36 M.R.S.A. § 603(3) (1990) establishes the tax situs of the machinery. Jordan–Milton cross appeals, claiming that without regard to its residence, all of its machinery is exempt from taxation under 36 M.R.S.A. § 655(1)(B)(1990) because it is stock in trade being held for resale. We affirm the judgment.

Jordan–Milton is a New Hampshire corporation that sells, services, and leases heavy construction equipment and is authorized to do business in the State of Maine. Jordan–Milton has several places of business in Maine, including a facility in Brewer. The City asked Jordan–Milton for a list of all the machinery that had been leased

out of its Brewer facility during the twelve months prior to April 1, 1988, and then used the list to impose personal property taxes on the equipment. At the time, only two of the thirteen machines listed were located in Brewer and both of them were being held for sale.

Pursuant to M.R.Civ.P. 80B, Jordan–Milton appealed the City's determination that the machinery was subject to the tax imposed. Jordan–Milton moved for summary judgment, claiming its machinery is exempt because the machinery is stock in trade, or alternatively that the machinery is not taxable by the City because it was not located in Brewer on April 1.

The Superior Court found the two machines located in Brewer to be stock in trade being held for resale and therefore exempt. The court declined to grant Jordan–Milton summary judgment on the remaining eleven machines on the grounds that it was their stock in trade, but proceeded to grant Jordan–Milton summary judgment on alternative grounds, finding that those machines were not taxable by the City because under 36 M.R.S.A. § 603(3) the tax situs of the equipment was the town in which they were physically present on April 1, the assessment date. The City filed a timely appeal, arguing that 36 M.R.S.A. § 602 should be used to establish the machinery's tax situs, and Jordan–Milton cross appealed, claiming that all of its equipment is exempt as stock in trade.

In general, tax status is determined under 36 M.R.S.A. § 602 (1990) that provides:

> All personal property within or without the State, except in the cases enumerated in section 603, shall be taxed to the owner in the place where he resides.

Section 603(3) in turn provides:

> Personal property which is within the State and owned by persons residing out of the State shall be taxed either to the owner, or to the person having the same in possession, or to the person owning or occupying any store, storehouse, shop, mill, wharf, landing, shipyard or other place therein where such property is.

36 M.R.S.A. § 603(3). The City argues that Jordan–Milton should be treated as a resi-

dent by virtue of the fact that it is authorized to do business in the State of Maine, and under 13–A M.R.S.A. § 1204 (1981 & Supp.1991) the company is "subject to the same duties, restrictions, liabilities, and penalties now or hereafter imposed on a domestic corporation." Therefore, the City contends section 602 is the applicable statute and Jordan–Milton's property may be taxed by the Maine municipality in which the company resides. Jordan–Milton contends it should be treated as a non-resident and that under section 603 its machinery should be taxed where it is physically located on the date of assessment.

For tax purposes, 36 M.R.S.A. § 501(9)(1990) defines residency in terms of domicile and provides no support for the City's argument that a foreign corporation, once authorized to do business in Maine, is to be treated as a Maine resident for purposes of taxation. *See also Ouellette v. Sturm, Ruger & Co., Inc.,* 466 A.2d 478, 481 (Me.1983), *Chafee v. Fourth National Bank of New York,* 71 Me. 514, 528–529 (1880) (a corporation only has one legal residence and that is its state of incorporation). The Superior Court correctly held that Jordan–Milton is a non-resident and thus the applicable provision is section 603(3). Jordan–Milton has demonstrated no need to address its cross appeal.

The entry is:

Judgment affirmed.

All concurring.